UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| KRISTOPHER FOX, | ) | C/A: __4:22cv00148 JD__ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | **FLSA** |
| | ) | |
| GATOR-STRONG, LLC and | ) | |
| JAMES LEONE, individually. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Kristopher Fox ("Fox"), by and through his undersigned attorney, brings this action against Defendants, Gator-Strong, LLC ("Gator-Strong") and James Leone, individually ("Leone") (Gator-Strong and Leone jointly "Defendants"), and alleges as follows:

## NATURE OF CLAIM

1.      This action is brought for unpaid overtime wages; liquidated damages; attorney's fees and costs; and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").

## PARTIES, JURISDICTION, and VENUE

2.      Fox is a citizen of the United States and a resident of Horry County in the State of South Carolina.  Fox was employed by Defendants in the State of South Carolina in Horry County.

3.      Upon information and belief, Gator-Strong is a limited liability company, which is organized and existing under the laws of South Carolina, and which has its principal place of business is in the state of South Carolina.  Gator-Strong employed Fox from June 2020 through March 26, 2021.  Fox worked for Gator-Strong in Horry County, South Carolina.

4.      This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Fox's claims under the FLSA.

Complaint
C/A: _____

5.     Based upon the above, jurisdiction and venue are proper in this court and division.

## FACTS

6.     Fox was employed by Defendants as a Hurricane Shutter Installer ("Installer") from June 2020 through March 26, 2021.

7.     This position was a non-exempt position under the FLSA based on both Fox's actual job duties and evidenced by the hourly rates listed by Defendants on his paystubs from June 2020.

8.     Defendants paid Fox an hourly wage of Thirteen and NO/100 ($13.00) Dollars per hour in June of 2020.

8.     Defendants paid Fox an overtime rate of Nineteen and 50/100 ($19.50) Dollars per hour in June of 2020.

8.     In July of 2020, although Fox's actual job duties never changed, Defendants began paying Fox a salary.

8.     Fox worked many hours beyond the 40-hour work week from July 2020 through March 26, 2021 and was not paid by Defendants for this overtime work.

13.     Defendants were aware that Fox worked many hours beyond the 40-hour work week.

14.     Defendants have no good faith reason why they failed to pay Fox for the many hours that he worked beyond the 40-hour work week.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Fair Labor Standards Act, 29 U.S.C. § 207
### Failure to Pay Proper Overtime Wage – Misclassification)

15.     Fox realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

Complaint
C/A: _____

17.     At all times relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00).

18.     The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

18.     As an Installer, Fox did not meet the requirements for any of the exemptions as defined by the FLSA, 29 U.S.C. § 207, and was improperly classified as such.

19.     Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

20.     Defendants failed to pay Fox the proper amount for all overtime hours worked.

21.     Defendants violated the FLSA, 29 U.S.C. § 207.

22.     As such, Fox seeks to recover from Defendants the following damages:

  a.  actual damages in the amount of overtime wages due;

  b.  liquidated damages of an equal amount; and

  c.  reasonable attorney's fees and all the costs of this action.

WHEREFORE, Fox respectfully prays that this Court enter judgment for him, and against Defendants, as follows:

  a.  an order requiring Defendants to change their compensation policies and practices to comply with the FLSA;

  b.  actual damages in the amount of overtime wages due;

  c.  liquidated damages of an equal amount; and

  d.  reasonable attorney's fees and all the costs of this action.

*(Signature page to follow.)*

Complaint
C/A: _____

_____
Bruce E. Miller, Esq. (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, South Carolina 29412
T: 843.579.7373
F: 843.577.0460
bmiller@brucemillerlaw.com

**ATTORNEY FOR KRISTOPHER FOX**

CHARLESTON, SC

January 17, 2022